Dear Mr. Harper:
You have requested a formal opinion of this office on the following question:
 "Is the mere platting of a subdivision sufficient `use and maintenance', as those terms are used in § 64.890 RSMo, to `grandfather' a landowner and prevent the application of amended zoning regulations to his subdivision where the lots therein were designed on the basis of the previous regulations?"
We understand that prior to March, 1976, a particular area of Boone County was zoned residential multi-family units with a minimum lot size of 3,500 square feet per living unit. In March, 1976, the county court amended the zoning regulations so as to require minimum lot sizes of 5,000 square feet per living unit. Prior to March, 1976, a landowner in this area platted and recorded a subdivision of duplex lots with a minimum size of 3,000 square feet per living unit but less than 5,000 square feet. The landowner took no further steps to develop the subdivision.
§ 64.850, RSMo states in material part:
 ". . . [T]he county court . . . may . . . regulate and restrict . . . in the unincorporated portions of the county, the height, number of stories, and size of buildings, the percentage of lots that may be occupied, the size of yards, courts and other open spaces, the density of population, the location and use of buildings, structures and land for trade, industry, residence or other purposes." (emphasis added)
 § 64.890.2, RSMo provides in material part:
 ". . . The powers granted by . . . sections 64.850 to 64.880 shall not be construed:
 (1) So as to deprive the owner, . . . of any existing property of its use or maintenance for the purpose to which it is then lawfully devoted;"
We do not believe that the mere platting of the subdivision and the recording of the same prior to the adoption of the increased lot size requirement was a use or maintenance of the property in the sense of § 64.890.2.
In Hill v. City of Manhattan Beach, 491 P.2d 369, 373 (Cal. 1971), it is observed:
 ". . . Although a reasonable nonconforming use of property of substandard size which creates no public nuisance forecloses the application of a subsequently enacted zoning ordinance which increases the minimum lot size, `land which has not been used for building purposes would not create a nonconforming use. "A nonconforming use is a lawful use existing on the effective date of the zoning restriction and continuing since that time in nonconformance to the ordinance" . . .' Nonuse is not a nonconforming use . . ." 491 P.2d at 373
The court in Sherman-Colonial Realty Corp. v. Goldsmith,230 A.2d 568, (Conn. 1967), stated:
 ". . . The mere filing of maps for the subdivision of a parcel of real estate does not necessarily immunize the subject property from the operative effect of subsequent subdivision regulations. Otherwise, `a property owner, by the process of map filing, could completely foreclose a zoning authority from ever taking any action with respect to the land included in the map, regardless of how urgent the need for regulation might be.' . . . There is nothing in the record to indicate that the plaintiffs actually used the property or expended any money in physically changing the nature of the undeveloped land or that they cannot recoup in a conforming use of the land the engineering expenses they have incurred. `To be a nonconforming use the use must be actual. It is not enough that it be a contemplated use nor that the property was bought for the particular use. The property must be so utilized as to be "irrevocably committed" to that use . . .'" 230 A.2d at 572
The court in Ardolino v. Florham Park Board of Adjustment,130 A.2d 847 (N.J. 1957) pointed out:
 ". . . [I]t is the use in fact existing on the land at the time of the adoption of a new zoning ordinance, and that alone, that may be continued contrary to any new regulations, . . .
 `* * * it is an existing use occupying the land, that the statute protects; the statutes does not deal in mere intentions . . .'
 "Lot 366A was vacant land at time of the adoption of the new ordinance and therefore could not qualify for any exemption from the provisions of the ordinance on a nonconforming use ground. . . ." 130 A.2d at 852-853
And it was noted in County of Saunders v. Moore,155 N.W.2d 317 (Neb. 1967):
 ". . . We feel, . . . that on . . . the effective date of the zoning regulation, the use of this property was not that of a trailer court. The use of the property standing alone on that date would not make known to the neighborhood that the land was being used as a trailer court, . . . In any substantial sense there was no construction or direct adaptability of the land for the intended purpose, and no employment of the land within the intended purpose. The defendants had not engaged in substantial construction nor incurred substantial liabilities directly relating to the establishment of a trailer park as a nonconforming use. . . . [E]very thing that was actually done or performed on the property . . . and every use that was actually made of the property up to that date could be referred to as a conforming use just as well as it could be referred to as a nonconforming use. . . ." 155 N.W.2d at 320-321.
CONCLUSION
It is the opinion of this office that the platting and recording of a subdivision is not sufficient use and maintenance of existing property so as to exempt it from changes in county zoning requirements, §§ 64.850-64.895, RSMo.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Louren R. Wood.
Very truly yours,
 JOHN ASHCROFT Attorney General